**Jose Luis MERCADO–ZAZUETA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 07–71428.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 8, 2008.

Filed June 1, 2009.

Randy J. Tunac, Allen, Tunac & Coughlon, PLLC, Phoenix, AZ, for Petitioner.

Charles Canter, Trial, OIL, John D. Williams, Esquire, DOJ–U.S. Department Of Justice, Washington, DC, District Counsel, Esquire, Office of the District Director, U.S. Department of Homeland Security, Phoenix, AZ, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: FARRIS, GRABER,* and WARDLAW, Circuit Judges.

MEMORANDUM **

Jose Luis Mercado–Zazueta, a native and citizen of Mexico, was born in 1985. He entered the United States as a visitor in 1992 and, with the exception of a brief vacation in 2005, has remained in the country ever since. In 1992, his mother married a lawful permanent resident, who le-

---

* Judge Susan P. Graber was drawn to replace Judge William W. Schwarzer. She has read the briefs, reviewed the record, and listened to the recording of oral argument held on December 8, 2008.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

gally adopted Mercado in 1998. Mercado obtained lawful permanent resident status in 2002.

The immigration judge held, and the Board of Immigration Appeals affirmed, that Mercado is ineligible for cancellation of removal because he has not been "lawfully admitted for permanent residence" for five or more years as required by I.N.A. section 240A(a)(1), 8 U.S.C. § 1229b(a)(1). The other requirements are seven years of continuous residence "after having been admitted in any status" and a lack of prior convictions for "any aggravated felony." I.N.A. § 240A(a)(2)–(3), 8 U.S.C. § 1229b(a)(3). No one disputes that Mercado satisfies the latter two grounds.

It is also undisputed that Mercado can meet the "lawfully admitted for permanent residence" for five or more years only if his adoptive father's years of lawful permanent residence should impute to Mercado. If permanent resident status imputes from parent to minor child, Mercado satisfies section 240A(a)(1) and is eligible for cancellation of removal. Under *Escobar v. Holder*, 567 F.3d 466, 476 (9th Cir.2009), we impute the years of permanent residence of his parents to Mercado and hold that the permanent residence requirement has been met.

We therefore grant the requested relief and remand to the BIA for further proceedings.

Petition **GRANTED** and case **REMANDED.**